Sammie Joe Todd v. Billie Evelyn Todd

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-328-CV

SAMMIE JOE TODD APPELLANT

V.

BILLIE EVELYN TODD APPELLEE

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

OPINION

------------

In three issues, Appellant Sammie Joe Todd appeals from a divorce and the related division of the community estate.  The couple has no children.  Because we hold that the trial court properly confirmed the separate property of Appellee Billie Evelyn Todd and did not abuse its discretion in dividing the community estate, we affirm the trial court’s judgment.

In his first two issues, Appellant contends that the trial court erred in confirming the “home and acreage located in Gainesville, Cooke County, Texas, together with all improvements thereon, further described as follows:  137 acres of land in Cooke County, Texas, out of the Thomas Hardeway Survey, Abstract No. 464,” (“the farm”) as Appellee’s separate property because (1) no evidence supports its characterization as separate property and (2) insufficient evidence was introduced at trial to overcome the community presumption. “Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.”
(footnote: 1)  This presumption can be rebutted by clear and convincing evidence.
(footnote: 2)  Clear and convincing evidence is defined as that “measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.”
(footnote: 3)
 Appellee testified that she lived on road 2117, 550, had a farm out there, and owned the farm before the marriage.  Appellant testified that “[w]hen I came there, there was no tractor there.”  He also testified,

When I went there, and here’s the witness, this lady [Appellant’s sister] knew the woman before I did, and she has been in 
this woman’s house 
before I was ever there.

When I went into her house, we walked up three concrete steps to get in the house, and just as you got in the house, there was a hall light hanging by one wire.  It was floating in the air there, and 
her whole house 
looked like that, that represented 
her whole house
.

. . . .

When I went there, there was two iron gates on that ranch
. Today there is seven iron gates on that ranch.  [emphasis added]

Appellant also referred to the house as “her” house several times and made a point of saying, “That house had suffered a fire years ago, and in other words it needed everything you could think of, that house needed, and that woman didn’t — it needed a man with some horsepower and some money and that is what I did . . . .”

Appellant appears to argue that because Appellee did not refer to the legal description of her farm or offer into evidence some document, such as a deed, showing her separate ownership of the farm, she failed to defeat the community presumption.  Appellee testified that she lived on road 2117, 550 and that she had a farm out there.  No evidence was admitted at trial concerning any other farm or ranch.  We conclude that under these facts, Appellee sufficiently described the location of the farm to identify it.
(footnote: 4)  Additionally, all the evidence at trial points to the conclusion that the farm belonged to Appellee before the marriage.  In fact, at trial, Appellant never claimed the farm was community property; he spoke of the farm and the house on it as “hers.”  No evidence controverts this conclusion.  We therefore hold that Appellee defeated the community presumption by clear and convincing evidence.
(footnote: 5)  Consequently, the trial court did not abuse its discretion by confirming the farm as Appellee’s separate property.
(footnote: 6)  We overrule Appellant’s first two issues.

In his third issue, Appellant contends that the trial court abused its discretion in disproportionately dividing the community estate in a manner that was manifestly unfair.  
A trial court is charged with dividing the community estate in a “just and right” manner, considering the rights of both parties.
(footnote: 7)  If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly.
(footnote: 8)  We will not disturb the trial court’s division unless the record demonstrates “that the division was clearly the result of an abuse of discretion.”
(footnote: 9)  That is, we will not reverse the case unless the record clearly shows that the trial court was acting arbitrarily or unreasonably.
(footnote: 10)  The complaining party has the burden of proving from the record that the division was so unjust that the trial court abused its discretion.
(footnote: 11)  The values of individual items “are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner.”
(footnote: 12)
 The trial court awarded Appellant all property in his possession or subject to his sole control.  In the affidavit attached to his motion for new trial, he states that that property

consisted of [his] clothes and a 1997 pickup truck that is worth less than $5,000.  In addition, [he] kept a 1984 Ford automobile that is worth less than $1,000, and a shotgun[,] all of which [he] owned prior to marriage.  [He] also had two cases of oil, one bed spread, two pillows, one headboard, a mattress, a chain saw[,] and weedeater.

The record contains no evidence concerning the value of the community assets awarded to Appellee.  Consequently, we cannot say that Appellant has met his burden of proving that the division was so unjust that the trial court abused its discretion.  We overrule Appellant’s third issue.

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

LIVINGSTON, J. filed a dissenting opinion.

DELIVERED:  July 28, 2005

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-328-CV

SAMMIE JOE TODD APPELLANT

V.

BILLIE EVELYN TODD APPELLEE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

DISSENTING OPINION

------------

I respectfully dissent to the majority opinion because I cannot agree with the characterization of the property in this marital estate by the trial court and affirmed by the majority opinion in this court.  In this divorce proceeding, both parties asked the trial court to divide the marital estate and additionally to confirm to each of them their alleged separate property.
(footnote: 13)  Prior to the trial of this matter, appellant had been represented by two different attorneys.  The second attorney was allowed to withdraw on April 1, 2004 with the case set for trial on May 17, 2004.  No discovery took place, and although there are indications that the parties might have provided each other with their claimed inventories, no inventory is contained within the clerk’s record.

At trial, appellee appeared with counsel, but appellant appeared pro se.  Only three witnesses testified at trial:  appellee, appellant, and appellant’s sister.  Appellee submitted an exhibit that listed the items she was claiming or asking the court to award to her.  Ultimately, appellee was awarded all of the property in her possession, and appellant was awarded all of the property in his possession.  Appellee was not awarded reimbursement for any of appellant’s withdrawals from appellee’s claimed separate account.  Both parties testified that they expended community and separate property funds improving the residence located on the 137-acre tract that was also awarded to appellee.  While the final decree granted neither party any type of reimbursement from one to the other, the court did award all of the personal property and realty requested by appellee to her.  The trial court awarded the largest asset—the 137-acre tract located in Cooke County, Texas—to appellee and confirmed it as her separate property.

Under the Texas Family Code, there is a presumption that property possessed by either spouse at the dissolution of the marriage is presumed to be community property.  
Tex. Fam. Code Ann
. § 3.003(a) (Vernon 2004); 
Barnard v. Barnard
, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied).  At divorce, only the community property is subject to a just and right division.  
Barnard
, 133 S.W.3d at 789; 
Boyd v. Boyd
, 67 S.W.3d 398, 406 (Tex. App.—Fort Worth 2002, no pet.).

Moreover, we know that the party who seeks to assert the separate character of property must prove that character by clear and convincing evidence.  
Tex. Fam. Code Ann. 
§ 3.003(b); 
Barnard
, 133 S.W.3d at 789-90.  “To overcome the statutory presumption of community property[,] the spouse must trace and clearly identify the property claimed as separate property.”  
Barnard
, 133 S.W.3d at 789-90.  When the burden of proof at trial is clear and convincing evidence, on appeal we apply higher standards of legal and factual sufficiency review.  
In re J.F.C.
, 96 S.W.3d 256, 265-66 (Tex. 2002);
 In re C.H.
, 89 S.W.3d 17, 25-26 (Tex. 2002); 
Irvin v. Parker
, 139 S.W.3d 703, 707-09 (Tex. App.—Fort Worth 2004, no pet);
 Boyd v. Boyd
, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.).

The evidence in the case amounts to virtually nothing.  Appellee testified that she wanted $67,000 returned to her out of funds that she claims appellant expended out of her separate account.  She admits she bought a tractor.  But appellee called no other witnesses to the stand and submitted no proof of any claims for reimbursement and no evidence supporting her claim that she owned  the 137-acre tract prior to marriage.  Appellant testified that they both deposited their pension checks into the account referred to by appellee.  Appellant deposited $1,850 per month, and appellee deposited $1,150 per month.  He testified “that’s what we lived on . . . what we bought and fixed  the house with, and all the other repairs that we ran on.”  He also testified that he used proceeds from the sale of a home he previously owned in Fort Worth to buy the tractor and a $2,000 stove.

As mentioned above, the parties undertook no discovery and included no inventories in this appellate record.  Appellee did not offer any deeds into evidence or testify to their existence or to the property’s legal description.  She never even testified to the date when the 137-acre tract was acquired or offered any testimony about how it was acquired.  In light of the higher burden of proof at trial—clear and convincing—and the higher standard of review on appeal, I can find no basis for supporting the characterization of the real property as appellee’s separate property.  “To overcome the statutory presumption of community property, the spouse must trace and clearly identify the property claimed as separate property.”  
Barnard
, 133 S.W.3d at 789-90.  Because this was not done, I believe the 137-acre tract should have been classified as community property.  I would therefore remand this case to the trial court for another hearing regarding the division of the parties’ property.

TERRIE LIVINGSTON

JUSTICE

DELIVERED:  July 28, 2005

FOOTNOTES
1:
Tex. Fam. Code Ann.
 § 3.003(a) (Vernon 2004).

2:
Id. 
§ 3.003(b).

3:
Id.
 § 101.007 (Vernon 2002); 
Transp. Ins. Co. v. Moriel
, 879 S.W.2d 10, 31 (Tex. 1994).

4:
See Am. Fin. and Inv. Co. v. Herrera
, 20 S.W.3d 829, 832-33 (Tex. App.—El Paso 2000, no pet.); 
Davis v. Davis
, 647 S.W.2d 781, 784 (Tex. App.—Austin 1983, no writ) (“Had the written decree simply described the property by its street address, it would clearly have been appropriate for the trial court to subsequently amend the decree to include a metes and bounds description of the property.”); 
Mizell v. Mizell
, 624 S.W.2d 782, 784-85 (Tex. App.—Fort Worth1981, no writ).

5:
See In re Marriage of Case
, 28 S.W.3d 154, 159-60 (Tex. App.—Texarkana 2000, no pet.); 
see also Mackey v. Lucey Prods. Corp.
, 150 Tex. 188, 239 S.W.2d 607, 608 (Tex. 1951) (“The law does not require the doing of a vain and useless thing, and by our opinions and judgments we will not so require.”).

6:
Appellant made no claim for economic contribution at trial.  
See
 
Tex. Fam. Code Ann.
 § 3.403.

7:
Tex. Fam. Code Ann. 
§ 7.001 (Vernon 1998).

8:
Pletcher v. Goetz
, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh'g).

9:
Id.

10:
See Downer v. Aquamarine Operators
,
 Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

11:
Pletcher
, 9 S.W.3d at 446.

12:
Finch v. Finch
,
 
825 S.W.2d 218, 221 (Tex. App.—Houston [1st
 Dist.] 1992, no writ); 
see Wallace v. Wallace
, 623 S.W.2d 723, 725 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ dism’d).

13:
Both parties’ petitions asked the court to divide their marital estates and to confirm their separate property.  Additionally, appellant’s motion for new trial specifically challenged the trial court’s characterization of the farm.

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by LAD; Dissent by TL