COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-159-CV

 

 

JACK WHITE                                                                      APPELLANT

 

                                                   V.

 

GAIL WHITE                                                                          APPELLEE

 

                                              ------------

 

       FROM THE 90TH
JUDICIAL DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In five issues, Appellant Jack
White appeals from the trial court=s final
decree of divorce.  Because we hold that
the trial court did not abuse its discretion, we affirm the trial court=s
judgment.








In his
fifth issue, Jack contends that the trial court erred by failing to file
findings of fact and conclusions of law. 
The trial court rendered the divorce on January 31, 2007.  The trial court signed the divorce decree on
April 23, 2007.  Jack filed his first
request for findings of fact and conclusions of law on March 12, 2007, and his
second request on May 16, 2007.  His
notice of past due findings of fact and conclusions of law was filed on July 6,
2007.  We treat his preliminary request
as being filed on the date of, but after the signing of, the judgment, April
23, 2007.[2]  That request is therefore timely.[3]  The second request is also a timely request,[4]
but it does not satisfy the requirements of rule 297 for a notice of past due
findings because it does not contain the title ANotice
of Past Due Findings of Fact and Conclusions of Law@ or
state the date that the findings of fact and conclusions of law were due.[5]  The notice of past due findings, filed more
than thirty days after April 23, 2007, the effective date of the original
request, was untimely filed.[6]  Jack has therefore forfeited this complaint
on appeal.[7]  We overrule his fifth issue.








In his
first issue, Jack contends that the trial court abused its discretion by
granting the divorce solely on the ground of adultery.  Appellee Gail White pled adultery as a
ground;  Jack admitted on the stand that
he had committed adultery.  We cannot conclude
that the trial court abused its discretion by granting the divorce based on a
statutory ground that was pled and proven.[8]








Jack
also complains in his first issue about the property division.  A trial court is charged with dividing the
community estate in a Ajust and right@ manner,
considering the rights of both parties.[9]  If there is any reasonable basis for doing
so, we must presume that the trial court exercised its discretion properly.[10]  We will not disturb the trial court=s
division unless the record demonstrates Athat the
division was clearly the result of an abuse of discretion.@[11]  That is, we will not reverse the case unless
the record clearly shows that the trial court acted arbitrarily or unreasonably.[12]  The complaining party has the burden of
proving from the record that the division was so unjust that the trial court
abused its discretion.[13]  The values of individual items Aare
evidentiary to the ultimate issue of whether the trial court divided the
properties in a just and right manner.@[14] 

 As this court has already explained,

In exercising its
discretion, the trial court must order an equitable, but not necessarily equal,
division of the community estate.  In
dividing the estate, the trial court can consider a variety of factors
. . . .

 

Some of the factors the
trial court can consider include the spouses= capacities and abilities, benefits which the
party not at fault would have derived from continuation of the marriage,
business opportunities, education, relative physical conditions, relative
financial condition and obligations, size of the separate estates, and the
nature of the property.

 








In addition to the
factors set forth in Murff [v. Murff], the trial court may also
consider fraud on the community, wasting of community assets, child custody,
and fault in the breakup of the marriage.  Additionally, although retirement benefits
earned during marriage are generally community property that is subject to
division, the trial court, in its discretion, may award such benefits to the
party who earned them.[15]

In the
divorce decree, the trial court awarded Gail her retirement account, the 2001
Jeep she was driving, and the couple=s house
in Graham.  The trial court ordered Gail
to pay the debts associated with the house and the Jeep as well as credit card
debt.  The trial court awarded Jack his
retirement account, the 2003 Chevrolet Avalanche he was driving, and all
property in his possession.  The trial
court ordered Jack to pay the debt associated with the Avalanche.  Each party was ordered to pay his or her own
attorney=s
fees.  In rough, conservative terms,
based on our review of the record, Gail appears to have received more than 50%
but less than 55% of the net asset value of the community estate awarded, and
Jack appears to have received more than 45% but less than 50% of the net asset
value of the community estate awarded.

In
addition to the evidence of Jack=s
adultery, the trial court also heard evidence that

$                  
at the time of trial, Jack was employed as a band director, and his
take-home pay was about $3,300 per month;

 

$                  
Gail was employed as a secretary to a school superintendent, and her
take-home pay was about $2,007 per month;

 

$                  
Jack had not contributed any money toward household bills or house
payments during the twelve months prior to the trial;

 








$                  
Jack had not lived in Graham for ten or eleven years prior to the
trial; Gail remained in the house in Graham and maintained it during this
period; and

 

$                  
Gail had volunteered to retire and move with him to the locations of
his various band director positions, but he had wanted her to stay in Graham
and maintain the house.

 

Based on
our review of the record, we cannot conclude that Jack has met his burden of
demonstrating that the division was so unjust that the trial court abused its
discretion.  We therefore overrule Jack=s first
issue.

In his
second issue, Jack contends that the trial court abused its discretion by failing
to consider Gail=s fraud on the community in
making the property division.  A
presumption of constructive fraud arises where one spouse breaches the
fiduciary duty owed to the other spouse and disposes of the other spouse=s one‑half
interest in community property without the other=s
knowledge or consent.[16]  When that occurs, the burden of proof is on
the disposing spouse to show fairness in disposing of community assets.[17]  Jack complains of the disposition of funds
from a certificate of deposit (CD), a joint bank account, and a tax refund.








He
contends that the parties had a $10,000 CD in a joint account opened during the
marriage but that Appellee withdrew the principal and interest, $11,947.95,
closed the account just one day before filing her petition for divorce, and
then deposited the money into an account in her name only, payable on death to
her sister.  Gail did not dispose of the
funds.  They were still in existence at
the time of trial and, to the extent they were community assets, subject to
division.[18]

The
undisputed evidence shows that Gail used the joint checking account funds to
pay Abills
that [they] both acquired.@  She received the tax refund after filing
separately during the pendency of the divorce. 
There is no evidence in the record that she disposed of the tax refund.  Based on our review of the record, we cannot
say that Gail=s conduct regarding these three
assets amounted to fraud or that the trial court abused its discretion by not
considering any alleged fraud.[19]  We overrule Jack=s second
issue.








In his
third issue, Jack contends that the trial court abused its discretion by
mischaracterizing the CD as Gail=s
separate property.  Even though the trial
judge indicated in a letter written before he signed the decree that the CD
would be awarded to Gail, the trial court did not characterize the CD as Gail=s
separate property or as community property in the divorce decreeCthe
trial court did not mention the CD in the divorce decree at all.  Accordingly, we cannot conclude that the
trial court mischaracterized the CD.[20]  We overrule Jack=s third
issue.

In his
fourth issue, Jack contends that the trial court erred by failing to consider
his health when making the property division. 
Jack testified at trial that he had been diagnosed with bone cancer and
had just made his final payment to the hospital for uninsured medical
expenses.  Nothing in the record
indicates that the trial court did not consider the evidence of Jack=s health
in dividing the community estate.[21]  We overrule Jack=s fourth
issue.

Having
overruled all of Jack=s issues, we affirm the trial
court=s
judgment.

 

 

LEE ANN
DAUPHINOT

JUSTICE

 








PANEL
B:  DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED:
July 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 306c, Tex.
R. App. P. 27.2.





[3]See Tex. R. Civ. P. 296.





[4]See id.





[5]See Tex. R. Civ. P. 297;  I
& JC Corp. v. Helen of Troy L.P., 164 S.W.3d 877, 885 (Tex. App.CEl Paso 2005, pet.
denied); Curtis v. Comm=n for Lawyer Discipline, 20 S.W.3d 227, 232
(Tex. App.CHouston [14th Dist.]
2000, no pet.); see also Baker v. Peterson, No. 10-02-00113-CV, 2004 WL
756622, at *1 (Tex. App.CWaco April 7, 2004, no
pet.) (mem. op.).





[6]See Tex.
R. Civ. P.
297.





[7]See Las Vegas Pecan &
Cattle Co. v. Zavala County, 682 S.W.2d 254, 255 (Tex. 1984); Ogletree
v. Glen Rose Indep. Sch. Dist., 226 S.W.3d 629, 633B34 (Tex. App.CWaco 2007, no pet.).





[8]See Tex. Fam. Code Ann. ' 6.003 (Vernon 2006); see also Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (holding that in a bench
trial where there are no findings of fact or conclusions of law, the judgment
must be affirmed if it can be upheld on any legal theory that finds support in
the evidence).





[9]Tex.
Fam. Code Ann. ' 7.001 (Vernon
2006); Todd v. Todd, 173 S.W.3d 126, 128B29 (Tex. App.CFort Worth 2005, pet.
denied).





[10]Todd, 173 S.W.3d at 129.





[11]Id.





[12]Id.





[13]Id.





[14]Id.





[15]Schaban‑Maurer v.
Maurer‑Schaban, 238 S.W.3d 815, 820B21 (Tex. App.CFort Worth 2007, no pet.) (citations omitted).





[16]Loaiza v. Loaiza, 130 S.W.3d 894, 901
(Tex. App.CFort Worth 2004, no
pet.). 





[17]Id.





[18]See Tex. Fam. Code Ann.' 7.001 (Vernon 2006). 





[19]See Worford, 801 S.W.2d at 109.





[20]See id.; see also Tex. Fam. Code Ann.' 7.001 (AIn a decree of divorce
or annulment, the court shall order a division of the estate of the parties
in a manner that the court deems just and right.@) (emphasis added); id.
' 9.201(a) (AEither former spouse may
file a suit as provided by this subchapter to divide property not divided or
awarded to a spouse in a final decree of divorce or annulment.@) (emphasis added); Cook
v. Cook, 888 S.W.2d 130, 131B32 (Corpus Christi 1994, no writ); Kostura v.
Kostura, 469 S.W.2d 196, 198 (Tex. Civ. App.CDallas 1971, writ ref=d n.r.e.) (both holding
that trial court did not err by signing divorce decree that differed from oral
rendition).





[21]See Worford, 801 S.W.2d at 109.