COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-012-CV

 

 

MARIA ROSA AVALOS                                                         APPELLANT

 

                                                      V.

 

ABRAHAM AVALOS                                                                APPELLEE

 

                                                  ------------

 

             FROM THE 231ST
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

 

                                                  ------------








Appellant Maria Rosa Avalos appeals from a
default divorce decree and order in suit affecting the parent-child
relationship.  Because we hold that the
trial court did not abuse its discretion, we affirm the trial court=s
judgment.         The trial court awarded
Appellee Abraham Avalos the family residence, which was the only community
asset discussed in any detail at the hearing, and sole managing conservatorship
of the couple=s three children and ordered
that Maria=s visits with the children be
supervised.  The trial court denied Maria=s
motions for new trial.

In her first issue,[2]
Maria contends that she is entitled to appeal because she was not properly
notified of trial.  We note that Maria=s notice
of appeal was timely; we therefore have jurisdiction over her appeal.[3]  Maria also complains that she was not
properly notified of the trial setting. 
Rule 245 of the civil rules of procedure provides, 

The Court may set contested cases on written request of any party, or
on the court=s own motion, with
reasonable notice of not less than forty‑five days to the parties of a
first setting for trial, or by agreement of the parties;  provided, however, that when a case
previously has been set for trial, the Court may reset said contested case to a
later date on any reasonable notice to the parties or by agreement of the
parties. . . .

 

A request for trial setting constitutes a representation that the
requesting party reasonably and in good faith expects to be ready for trial by
the date requested, but no additional representation concerning the completion
of pretrial proceedings or of current readiness for trial shall be required in
order to obtain a trial setting in a contested case.[4]

 








Tarrant County Local Rule 3.03(b) provides,

 

As soon as practical
before the trial date, parties will be notified by the Court to report for
trial during the trial week and parties need not appear until called. However,
all parties and their attorneys are expected to be available for trial upon
short notice during the week that the case has been set for trial. Any case not
reached during the week that it is set for trial will be reset by the Court
after consultation with the parties.[5]

 

Local Rule 4.03(1) provides,

 

Final Trial.  Cases will be set for final trial upon
written request using the procedure and form as may be required by the specific
Court.  Each Court=s procedure and setting
request form shall be obtained from the Court=s coordinator.[6]

 








The
record shows that Maria received a trial setting request dated July 13, 2007,
for the week of September 24, 2007, more than forty-five days before
trial.  The record also shows that the
trial setting request had been on file with the court since July 16, 2007.  The record further shows that on September
19, 2007, the court coordinator contacted both attorneys to notify them of the
specific date and time for trial to commenceCSeptember
25, 2007, at 9:30 a.m.  Maria=s lawyer=s
paralegal acknowledged in a telephone call on September 20, 2007, that the law
office had received notice of the trial setting and would be filing
motions.  The coordinator notified Maria=s
counsel at the trial judge=s
request that the filing of a motion for social study would not take the case
off the September 25 trial docket.

A
request for a trial setting provides sufficient notice of the trial setting.[7]  We hold that the notice of trial in this case
was proper under rule of civil procedure 245.[8]  

To the
extent that Maria contends in her Aissue of
notice reargued@ that she did not receive notice
of the hearing on the motion to sign the decree, we note that she failed to
bring this matter to the attention of the trial court in her amended motion for
new trial filed November 28, 2007.  This
complaint is therefore not preserved.[9]  We overrule Maria=s first
issue and her Aissue of notice reargued.@













In her
second issue, Maria contends that there is no evidence to support the
appointment of Abraham as sole managing conservator or the restriction of her
access to the children.  Section 153.002
of the family code provides, AThe best
interest of the child shall always be the primary consideration of the court in
determining the issues of conservatorship and possession of and access to the
child.@[10]  Section 153.131(b) provides that A[i]t is
a rebuttable presumption that the appointment of the parents of a child as
joint managing conservators is in the best interest of the child.  A finding of a history of family violence
involving the parents of a child removes the presumption under this subsection.@[11] Section
153.004(b) prohibits a trial court from appointing joint managing conservators
if credible evidence is presented of a history or pattern of past or present
physical abuse by one parent directed against a spouse.[12]  Section 153.004(c) provides that the trial
court must consider the commission of family violence in determining whether to
deny, restrict, or limit the possession of a child by a parent who is appointed
as a possessory conservator.[13]  Finally, subsection (e) of the statute
provides that A[i]t is a rebuttable presumption
that it is not in the best interest of a child for a parent to have
unsupervised visitation with the child if credible evidence is presented of a
history or pattern of past or present . . . physical . . . abuse by that parent
directed against . . . a spouse.@[14]  One incident of physical violence can
constitute a history of physical abuse.[15]

Abraham
testified that Maria has a long history of emotional problems.  They started in 1992, when the middle child was
two years old.  Maria had anxiety attacks
and depression and was hospitalized in Chicago. 
Four years later, after she was treated with antidepressants, the family
moved to Texas, and Maria=s health declined.  She fell into a worse depression, began
hallucinating, and committed domestic violence against Abraham.  Apparently in connection with this behavior,
she was in Hughley Hospital for ten days and while there was diagnosed with
psychosis.  She was also charged and
jailed.

It is
unclear whether Maria was convicted, but she was ordered to attend anger
management classes.

In July
2007, while the divorce was pending, Maria was hospitalized again after
breaking into the family home when no one was there.  The police found her taking a shower.  She started crying when they arrived.  She asked them to take her to JPS Hospital;
they did, and she was released three days later. 

 








At
trial, Abraham did not know Maria=s current
diagnosis.  He testified that she was
playing with her medication, not taking it, or taking it randomly; she was
basically self-medicating.  He also
testified that the last time he saw Maria in better health was about a year and
a half before trial when he believed she was taking the proper medication.  But after that, she started taking half as
much every other day and then completely stopped taking the antipsychotic
medication, and Athat=s when
things just started rolling down.@

Additionally,
Abraham testified that Maria told CPS that he had hurt their daughter and that
his daughter was not sleeping well. 
Abraham told the trial court that CPS determined after a full
investigation that his daughter should not be with Maria without supervision.

In
November 2006, Maria took the couple=s then
four-year-old daughter from school and kept her at a women=s
shelter for six weeks.  Abraham had no
access to his daughter until he filed for divorce.  He also testified that Maria had recently
taken his daughter from the family home, but he found her six hours later.

Ten days
before trial, Maria tried to have lunch with her daughter at the daughter=s
school, in violation of the temporary orders in place at the time.








Applying
the appropriate standard of review,[16]
we hold that the evidence is legally sufficient to support the trial court=s naming
Abraham as sole managing conservator and restricting Maria=s access
to the children.  

Maria
also contends that restricting her access to the children violated section
153.072 of the family code, which provides that A[t]he
court may limit the rights and duties of a parent appointed as a conservator if
the court makes a written finding that the limitation is in the best interest
of the child.@[17]  As Abraham points out, Maria failed to
request the finding within ten days after the hearing.[18]  In fact, we see no evidence in the record
that Maria ever requested such a finding from the trial court.  The trial court therefore did not abuse its
discretion by not making the finding. 
Accordingly, we overrule Maria=s second
issue.

In her
third issue, Maria contends that the property division was manifestly
unjust.  She specifically complains that
the trial court awarded the marital residence and Abraham=s
retirement benefits to him. 

 








A trial
court is charged with dividing the community estate in a Ajust and
right@ manner,
considering the rights of both parties.[19]  If there is any reasonable basis for doing
so, we must presume that the trial court exercised its discretion properly.[20]  We will not disturb the trial court=s
division unless the record demonstrates Athat the
division was clearly the result of an abuse of discretion.@[21]  That is, we will not reverse the case unless
the record clearly shows that the trial court acted arbitrarily or
unreasonably.[22]  The complaining party has the burden of
proving from the record that the division was so unjust that the trial court
abused its discretion.[23]  The values of individual items Aare
evidentiary to the ultimate issue of whether the trial court divided the
properties in a just and right manner.@[24] 

As this
court has previously explained,








In exercising its
discretion, the trial court must order an equitable, but not necessarily equal,
division of the community estate.  In
dividing the estate, the trial court can consider a variety of factors
. . . .

 

Some of the factors the
trial court can consider include the spouses= capacities and abilities, benefits which the
party not at fault would have derived from continuation of the marriage,
business opportunities, education, relative physical conditions, relative
financial condition and obligations, size of the separate estates, and the
nature of the property.

 

In addition to the factors set forth in Murff [v. Murff],
the trial court may also consider fraud on the community, wasting of community
assets, child custody, and fault in the breakup of the marriage.  Additionally, although retirement benefits
earned during marriage are generally community property that is subject to
division, the trial court, in its discretion, may award such benefits to the
party who earned them.[25]

Regarding
the house, Abraham, a high school math teacher with Fort Worth Independent School
District, testified that there was approximately $70,000 equity in the home,
that based on Maria=s work history, she should be
paying $300 to $350 per month in child support over the next twelve years
(until their youngest child is emancipated), that he wanted to raise the
children in the house, and that because of the difficulty Maria would have
paying and the difficulty he would have collecting child support in the future,
he wanted the house in lieu of child support. 


 








Abraham
also asked to be awarded any property he had and asked that Maria be awarded
any property she had.  There is no
evidence in the record of the value of any property except the house.  Consequently, given all the evidence in the
record, we cannot say that Maria has met her burden of proving that the
division was so unjust that the trial court abused its discretion.[26]  We overrule Maria's third issue.

Having
overruled Maria's three issues, we affirm the trial court's judgment.

PER
CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  December 4, 2008











[1]See Tex. R. App. P. 47.4.





[2]Maria presents her issues
in the table of contents of her brief in a different sequence than in her
argument.  Our opinion adopts the same
numbering system as her argument.





[3]See Tex. R. App. P.
26.1(a)(1).





[4]Tex. R. Civ. P. 245.





[5]Tarrant County Loc. R.
3.03(b).





[6]Tarrant County Loc. R.
4.03(1).





[7]See Mansfield State Bank
v. Cohn,
573 S.W.2d 181, 185 (Tex. 1978). 





[8]See Tex. R. Civ. P. 245.





[9]See Tex. R. App. P. 33.1; Monroe
v. Schlicting, No. 05-98-01341-CV, 2001 WL 301482, at *2 (Tex. App.CDallas Mar. 29, 2001,
pet. denied) (not designated for publication).





[10]Tex. Fam. Code Ann. ' 153.002 (Vernon
2002).





[11]Id. ' 153.131(b).





[12]Id. ' 153.004(b).





[13]Id. ' 153.004(c).





[14]Id. ' 153.004(e).





[15]Alexander v. Rogers, 247 S.W.3d 757, 762B63 (Tex. App.CDallas 2008, no pet.); In
re R.T.H., 175 S.W.3d 519, 521 (Tex. App.CFort Worth 2005, no
pet.).





[16]See City of Keller v.
Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005); 

Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040
(1999).





[17]Tex. Fam. Code Ann. ' 153.072 (Vernon
2002).





[18]See id. ' 153.258.





[19]Id. ' 7.001 (Vernon
2006); Todd v. Todd, 173 S.W.3d 126, 128B29 (Tex. App.CFort Worth 2005, pet.
denied).





[20]Todd, 173 S.W.3d at 129.





[21]Id.





[22]Id.





[23]Id.





[24]Id.





[25]Schaban‑Maurer v.
Maurer‑Schaban, 238 S.W.3d 815, 820B21 (Tex. App.CFort Worth 2007, no pet.) (citations omitted).





[26]Todd, 173 S.W.3d at 128B29.