

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-310-CV

KIMBERLY YOUNG                                                                  APPELLANT

V.

ALAN D. YOUNG                                                                      APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This appeal stems from the trial court's granting of Appellee Alan D. Young's counterpetition for divorce. In two points, Appellant Kimberly Young contends that the trial court abused its discretion by assessing death penalty sanctions for her discovery violations and by awarding Alan a disproportionate

---

[1] *See* Tex. R. App. P. 47.4.

share of the community assets. Because the trial court did not abuse its discretion, we affirm the trial court's judgment.

Kimberly filed a petition for divorce on July 13, 2006, alleging no-fault grounds and requesting a temporary restraining order enjoining Alan from, among other things, excluding her from the use and enjoyment of her apartment in Corpus Christi. Kimberly did not request possession of the Arlington home that the couple had shared during the marriage. Alan filed a general denial on July 20, 2006. In the agreed temporary orders also signed by a visiting judge on July 20, 2006, Alan was awarded the exclusive and private use and possession of "the residence located at 1201 Brookvalley, Arlington, Texas 76018," the home the couple had shared during their marriage, and each party was ordered to file with the clerk and deliver to opposing counsel by September 20, 2006 a sworn inventory and appraisement of all the separate and community property owned by the parties. Additionally, Alan was awarded possession of "copies of taxes" held by Kimberly.

On March 9, 2007, Alan served a request for production and inspection of documents on Kimberly. On March 23, 2007, on Kimberly's motion, her original attorney of record was removed and Richard Gladstone was substituted as her attorney. More than five months later, Alan filed an amended answer, seeking the confirmation of separate property, reimbursement to the community

2

and to his separate estate, economic contribution to the community and to his separate estate, and attorney's fees. On October 31, 2007, Alan filed a counterpetition for divorce. Almost five months later, on March 25, 2008, Richard Gladstone filed a motion to withdraw as Kimberly's attorney, contending that she and his office had "developed [a] lack of communication resulting in failure to discuss the direction and management of the case." The final trial was set for April 30, 2008, at 1:30 p.m.

On March 27, 2008, while the motion to withdraw was pending, Alan filed a motion to compel and for sanctions. In the motion, Alan contended that a request for production and inspection of documents had been served on Kimberly on March 9, 2007, that she had responded on or about January 31, 2008, that her response did not raise any objections to the requests, and that her response was "wholly inadequate" for a multitude of reasons, including her failure to answer many of the requests; her failure to produce any tax returns, a W-2 for 2007, and any check stubs for 2008; and her production of only one check stub for 2007. Alan also contended in the motion that "[w]ell prior to filing this [m]otion, counsel for Alan Dale Young advised counsel for Kimberly Leann Young of these deficiencies and non-responsiveness, yet no effort has been made by Kimberly Leann Young to comply with the Court's order of July 20, 2006."

3

In the motion, Alan also complained that Kimberly had not filed the ordered inventory and appraisement despite several requests by Alan's counsel to her counsel. Alan contended that Kimberly's failure to comply with the trial court's orders of July 20, 2006 severely prejudiced his ability to adequately prepare for trial and sought sanctions including the striking of Kimberly's pleadings, an award of his attorney's fees incurred in completing the divorce, an order compelling Kimberly to respond to the requests for production and to provide her sworn inventory and appraisement by a specific date, a continuance of the trial to allow her time to complete the discovery and inventory, and attorney's fees for bringing the motion. The hearing was set for April 11, 2008. On April 2, the trial court signed the order allowing Kimberly's trial counsel to withdraw.

Kimberly did not file a response to the motion to compel and for sanctions. On April 11, the associate judge held the hearing on Alan's motion to compel and for sanctions; Kimberly, who had received proper notice of the hearing, failed to appear. The associate judge ordered Kimberly to respond to all discovery by April 18, 2008 and to deliver all documentation then requested to Alan's trial counsel by 5:00 p.m. on that date. The associate judge also awarded Alan $1500 for attorney's fees incurred in bringing the motion to compel and ordered Kimberly to pay the amount by April 30, 2008 at 9:00 a.m.

4

Finally, the associate judge warned in the order that the court could strike Kimberly's pleadings on April 21, 2008 at 9:00 a.m. if Kimberly failed to respond to discovery as ordered.

On April 21, 2008, after Kimberly had neither completed the discovery nor filed her inventory and appraisement, the trial court signed a default sanctions order. The court found that she failed to appear on April 21, 2008 and wholly made default. The sanctions order provides,

> The Court finds that Kimberly Leann Young has demonstrated a blatant disregard for the responsibilities of discovery under the Texas Rules of Civil Procedure by, among other things, failing to respond to discovery, failing to adequately respond to discovery, and failing to obey this Court's Temporary Orders dated July 20, 2006, by failing to prepare and failing to deliver to opposing counsel her sworn Inventory and Appraisement as ordered by this Court.
>
> The Court has considered the imposition of less stringent sanctions and finds that due to Kimberly Leann Young's disregard for the Rules of discovery and the prejudice suffered by Alan Dale Young as a result of same, among other things, a lesser sanction would not satisfy the purpose of promoting compliance with the rules of discovery set forth in the Texas Rules of Civil Procedure.

The court struck Kimberly's pleadings, barred her from denying any allegation in Alan's pleadings, barred her from introducing any evidence in support of her pleadings, and ordered her to pay $1500 for attorney's fees directly to Alan's trial counsel by April 30, 2008 at 9:00 a.m. Relevant to the sanctions, in addition to findings mirroring those in the sanctions order, the visiting judge

5

sitting for the trial court also found in its later findings of fact and conclusions of law that Kimberly failed to respond to discovery and failed to provide any answers or documents until January 31, 2008, some nine months overdue.

Gladstone appeared with Kimberly at trial and cross-examined Alan's witnesses. In the decree, the visiting judge sitting for the trial court, among other things, confirmed the residence at 1201 Brookvalley Drive, Arlington, Texas as Alan's separate property, ordered him to pay the note on it, and ordered Kimberly to pay additional attorney's fees of $14,000, which amounted to about half of the attorney's fees Alan incurred in the case, exclusive of those incurred in bringing the motion to compel and for sanctions.

In her first point, Kimberly contends that the trial court abused its discretion in assessing death penalty sanctions for her discovery violations. The Supreme Court of Texas has provided the test:

> A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." The trial court's ruling should be reversed only if it was arbitrary or unreasonable.

> Texas Rule of Civil Procedure 215.2 allows a trial court to sanction a party for failure to comply with a discovery order or request. Rule 215.2(b) lists the sanctions a court may impose. They include: (1) an order disallowing any further discovery of any kind; (2) an order charging all or a portion of the expenses of

6

discovery against the disobedient party; (3) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established; (4) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting designated evidence from being introduced into evidence; (5) an order striking out pleadings or parts thereof, staying the action until the order is obeyed, dismissing the action with or without prejudice, or rendering judgment by default; (6) a contempt order; and (7) an order requiring the disobedient party to pay reasonable expenses, including attorney fees, caused by the failure.

Sanctions are used to assure compliance with discovery and deter those who might be tempted to abuse discovery in the absence of a deterrent. However, a trial court may not impose a sanction that is more severe than necessary to satisfy its legitimate purpose. . . .

In *TransAmerican*, . . . [w]e held that Rule 215 requires that any sanctions imposed be "just," and explained that there are two components to measuring whether an imposition of sanctions is just. First, a direct relationship must exist between the offensive conduct and the sanction imposed. We noted that "[t]his means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party." Second, the sanctions must not be excessive. In other words, "[t]he punishment should fit the crime ... courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance."

. . . .

In *GTE*, we required the record to "reflect that the court considered the availability of lesser sanctions." Nothing in the standard articulated in *GTE* requires that a trial court test the effectiveness of lesser sanctions by actually implementing and ordering each and every sanction that could possibly be imposed before striking the pleadings of a disobedient party. Nor does *GTE* require a trial court to list each possible lesser sanction in its order

7

and then explain why each would be ineffective. *GTE* requires that the record reflect that the court "consider" the availability of appropriate lesser sanctions, and cautions that in all but the most exceptional cases, the trial court must actually test the lesser sanctions before striking the pleadings. Again, we reemphasize that striking pleadings is a harsh sanction that must be used as a last resort after the trial court has considered lesser sanctions, and that in all but the most egregious and exceptional cases, the trial court must test lesser sanctions before resorting to death penalty sanctions.[2]

The supreme court further held that "Rule 215.3, which authorizes a trial court to impose sanctions, does require 'notice and hearing' before sanctions are imposed. However, nothing in the rule indicates that this must be an 'oral hearing.'"[3]

Kimberly contends that the April 11, 2007 order signed by the associate judge did not have the specificity to justify death penalty sanctions because it did not specifically state which documents were omitted from her prior responses, did not define the meaning of "all documents then requested," did not specify whether the inventory and appraisement was included in the sanctions order, and did not specifically state that April 21, 2008 was designated as a hearing or court appearance. She also complains that she was not specifically notified to appear on April 21, 2008, although she states that

---

[2] *Cire v. Cummings*, 134 S.W.3d 835, 838–39, 842 (Tex. 2004) (citations omitted).

[3] *Id.* at 843–44 (citations omitted).

8

she received the order dated April 11 on April 18, three days before the order containing the death penalty sanctions was signed.

Kimberly does not contend that she had any trouble understanding the July 20, 2006 temporary orders requiring the filing of her inventory and appraisement by September 20, 2006, Alan's discovery requests served on March 9, 2007, or Alan's motion to compel and for sanctions.

Based on our review of the record, we cannot say that the trial court abused its discretion by imposing the harsh sanctions of striking Kimberly's pleadings and barring her from putting on evidence when the record shows that she failed to obey the trial court's order to file an inventory and appraisement, failed to communicate with her trial counsel, failed to object to Alan's discovery requests, failed to respond to his motion to compel and for sanctions or to attend the April 11 hearing, failed to seek out the results of said hearing, and failed to complete the discovery or appear in court on April 21, 2008 at 9:00 a.m. after having seen the April 11 order compelling her to complete discovery, ordering her to pay $1500 in attorney's fees to Alan related to the motion to compel and for sanctions, and warning that her pleadings could be struck on April 21, 2008 at 9:00 a.m. if she did not complete the discovery. We further note that Kimberly did not pay the $1500 as ordered. We overrule Kimberly's first point.

9

In her second point, Kimberly contends that the trial court abused its discretion by awarding Alan a disproportionate share of the community's assets, focusing on the characterization and award of the residence in Arlington, Texas.

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."[4] This presumption can be rebutted by clear and convincing evidence.[5] Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."[6]

A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties.[7] If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly.[8] We will not disturb the trial court's division unless the record

---

[4] Tex. Fam. Code Ann. § 3.003(a) (Vernon 2006).

[5] *Id.* § 3.003(b).

[6] *Id.* § 101.007 (Vernon 2008); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 31 (Tex. 1994).

[7] Tex. Fam. Code Ann. § 7.001 (Vernon 2006); *Todd v. Todd*, 173 S.W.3d 126, 128–29 (Tex. App.—Fort Worth 2005, pet. denied).

[8] *Todd*, 173 S.W.3d at 129.

10

demonstrates "that the division was clearly the result of an abuse of discretion."[9] That is, we will not reverse the case unless the record clearly shows that the trial court acted arbitrarily or unreasonably.[10] The complaining party has the burden of proving from the record that the division was so unjust that the trial court abused its discretion.[11]

At trial, Alan testified that he purchased the Arlington property before he and Kimberly married and that he refinanced the house during the marriage to pay off debt that he and Kimberly had incurred. The trial court admitted a certified copy of the deed naming Alan, "a single person," the grantee. On cross-examination, Alan admitted that the property was titled in Kimberly Young's name pursuant to the Tarrant County Deed records and tax records but stated that he had "no clue how the title got in her name," that he did not execute a deed to her, that he "never transferred it over to anybody," and that he received tax statements on the property. Given all the evidence, we cannot say that the trial court improperly characterized the Arlington residence as separate property, nor can we conclude that the trial court's division of the community estate was unjust. We overrule Kimberly's second point.

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

11

Having overruled both of Kimberly's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, LIVINGSTON, and GARDNER, JJ.

DELIVERED: May 28, 2009