COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-310-CV

 

 

KIMBERLY
YOUNG                                                               APPELLANT

 

                                                   V.

 

ALAN
D. YOUNG                                                                   APPELLEE

 

                                              ------------

 

           FROM THE 233RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This appeal stems from the trial court=s
granting of Appellee Alan D. Young=s
counterpetition for divorce.  In two
points, Appellant Kimberly Young contends that the trial court abused its
discretion by assessing death penalty sanctions for her discovery violations
and by awarding Alan a disproportionate share of the community assets.  Because the trial court did not abuse its
discretion, we affirm the trial court=s
judgment.

Kimberly filed a petition for divorce on July 13,
2006, alleging no-fault grounds and requesting a temporary restraining order
enjoining Alan from, among other things, excluding her from the use and
enjoyment of her apartment in Corpus Christi. 
Kimberly did not request possession of the Arlington home that the
couple had shared during the marriage. 
Alan filed a general denial on July 20, 2006.  In the agreed temporary orders also signed by
a visiting judge on July 20, 2006, Alan was awarded the exclusive and private
use and possession of Athe residence located at 1201
Brookvalley, Arlington, Texas 76018,@ the
home the couple had shared during their marriage, and each party was ordered to
file with the clerk and deliver to opposing counsel by September 20, 2006 a
sworn inventory and appraisement of all the separate and community property
owned by the parties.  Additionally, Alan
was awarded possession of Acopies
of taxes@ held by
Kimberly.








On March 9, 2007, Alan served a request for
production and inspection of documents on Kimberly.  On March 23, 2007, on Kimberly=s
motion, her original attorney of record was removed and Richard Gladstone was
substituted as her attorney.  More than
five months later, Alan filed an amended answer, seeking the confirmation of
separate property, reimbursement to the community and to his separate estate,
economic contribution to the community and to his separate estate, and attorney=s
fees.  On October 31, 2007, Alan filed a
counterpetition for divorce.  Almost five
months later, on March 25, 2008, Richard Gladstone filed a motion to withdraw
as Kimberly=s attorney, contending that she
and his office had Adeveloped [a] lack of
communication resulting in failure to discuss the direction and management of
the case.@ 
The final trial was set for April 30, 2008, at 1:30 p.m.

On March 27, 2008, while the motion to withdraw
was pending, Alan filed a motion to compel and for sanctions.  In the motion, Alan contended that

a request for production and inspection of documents had been served
on Kimberly on March 9, 2007, that she had responded on or about January 31,
2008, that her response did not raise any objections to the requests, and that
her response was Awholly inadequate@ for a
multitude of reasons, including her failure to answer many of the requests; her
failure to produce any tax returns, a W-2 for 2007, and any check stubs for
2008; and her production of only one check stub for 2007.  Alan also contended in the motion that A[w]ell
prior to filing this [m]otion, counsel for Alan Dale Young advised counsel for
Kimberly Leann Young of these deficiencies and non-responsiveness, yet no
effort has been made by Kimberly Leann Young to comply with the Court=s order
of July 20, 2006.@








In the motion, Alan also complained that Kimberly
had not filed the ordered inventory and appraisement despite several requests
by Alan=s
counsel to her counsel.  Alan contended
that Kimberly=s failure to comply with the
trial court=s orders of July 20, 2006
severely prejudiced his ability to adequately prepare for trial and sought
sanctions including the striking of Kimberly=s
pleadings, an award of his attorney=s fees
incurred in completing the divorce, an order compelling Kimberly to respond to
the requests for production and to provide her sworn inventory and appraisement
by a specific date, a continuance of the trial to allow her time to complete
the discovery and inventory, and attorney=s fees
for bringing the motion.  The hearing was
set for April 11, 2008.  On April 2, the
trial court signed the order allowing Kimberly=s trial
counsel to withdraw.








Kimberly did not file a response to the motion to
compel and for sanctions.  On April 11,
the associate judge held the hearing on Alan=s motion
to compel and for sanctions; Kimberly, who had received proper notice of the
hearing, failed to appear.  The associate
judge ordered Kimberly to respond to all discovery by April 18, 2008 and to
deliver all documentation then requested to Alan=s trial
counsel by 5:00 p.m. on that date.  The
associate judge also awarded Alan $1500 for attorney=s fees
incurred in bringing the motion to compel and ordered Kimberly to pay the
amount by April 30, 2008 at 9:00 a.m. 
Finally, the associate judge warned in the order that the court could
strike Kimberly=s pleadings on April 21, 2008 at
9:00 a.m. if Kimberly failed to respond to discovery as ordered.

On April 21, 2008, after Kimberly had neither
completed the discovery nor filed her inventory and appraisement, the trial
court signed a default sanctions order. 
The court found that she failed to appear on April 21, 2008 and wholly
made default.  The sanctions order
provides,

The Court finds that Kimberly Leann Young has demonstrated a blatant
disregard for the responsibilities of discovery under the Texas Rules of Civil
Procedure by, among other things, failing to respond to discovery, failing to
adequately respond to discovery, and failing to obey this Court=s Temporary Orders dated
July 20, 2006, by failing to prepare and failing to deliver to opposing counsel
her sworn Inventory and Appraisement as ordered by this Court.

 

The Court has considered the imposition of less stringent sanctions
and finds that due to Kimberly Leann Young=s disregard for the Rules of discovery and the
prejudice suffered by Alan Dale Young as a result of same, among other things,
a lesser sanction would not satisfy the purpose of promoting compliance with
the rules of discovery set forth in the Texas Rules of Civil Procedure.

 








The court struck Kimberly=s
pleadings, barred her from denying any allegation in Alan=s
pleadings, barred her from introducing any evidence in support of her
pleadings, and ordered her to pay $1500 for attorney=s fees
directly to Alan=s trial counsel by April 30,
2008 at 9:00 a.m.  Relevant to the
sanctions, in addition to findings mirroring those in the sanctions order, the
visiting judge sitting for the trial court also found in its later findings of
fact and conclusions of law that Kimberly failed to respond to discovery and
failed to provide any answers or documents until January 31, 2008, some nine
months overdue.

Gladstone appeared with Kimberly at trial and
cross-examined Alan=s witnesses.  In the decree, the visiting judge sitting for
the trial court, among other things, confirmed the residence at 1201
Brookvalley Drive, Arlington, Texas as Alan=s
separate property, ordered him to pay the note on it, and ordered Kimberly to
pay additional attorney=s fees of $14,000, which
amounted to about half of the attorney=s fees
Alan incurred in the case, exclusive of those incurred in bringing the motion
to compel and for sanctions.

In her first point, Kimberly contends that the trial
court abused its discretion in assessing death penalty sanctions for her
discovery violations.  The Supreme Court
of Texas has provided the test:

A trial court=s ruling on a motion for
sanctions is reviewed under an abuse of discretion standard.  The test for an abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court=s action, but Awhether the court acted without reference to any
guiding rules and principles.@  The trial
court=s ruling should be reversed
only if it was arbitrary or unreasonable.

 








Texas Rule of Civil Procedure 215.2 allows a trial court to sanction a
party for failure to comply with a discovery order or request.  Rule 215.2(b) lists the sanctions a court may
impose.  They include:  (1) an order disallowing any further
discovery of any kind; (2) an order charging all or a portion of the expenses
of discovery against the disobedient party; (3) an order that the matters
regarding which the order was made or any other designated facts shall be taken
to be established; (4) an order refusing to allow the disobedient party to
support or oppose designated claims or defenses, or prohibiting designated
evidence from being introduced into evidence; (5) an order striking out pleadings
or parts thereof, staying the action until the order is obeyed, dismissing the
action with or without prejudice, or rendering judgment by default; (6) a
contempt order; and (7) an order requiring the disobedient party to pay
reasonable expenses, including attorney fees, caused by the failure.

 

Sanctions are used to assure
compliance with discovery and deter those who might be tempted to abuse
discovery in the absence of a deterrent. 
However, a trial court may not impose a sanction that is more severe
than necessary to satisfy its legitimate purpose. . . . 

In TransAmerican, . . . [w]e held that Rule 215 requires that
any sanctions imposed be Ajust,@ and explained that there
are two components to measuring whether an imposition of sanctions is
just.  First, a direct relationship must
exist between the offensive conduct and the sanction imposed.  We noted that A[t]his means that a just
sanction must be directed against the abuse and toward remedying the prejudice
caused the innocent party.@  Second,
the sanctions must not be excessive.  In
other words, A[t]he punishment should
fit the crime ... courts must consider the availability of less stringent
sanctions and whether such lesser sanctions would fully promote compliance.@

 

. . .
.

 








In GTE, we required the record to Areflect that the court
considered the availability of lesser sanctions.@  Nothing in the standard articulated in GTE
requires that a trial court test the effectiveness of lesser sanctions by
actually implementing and ordering each and every sanction that could possibly
be imposed before striking the pleadings of a disobedient party.  Nor does GTE require a trial court to
list each possible lesser sanction in its order and then explain why each would
be ineffective.  GTE requires that
the record reflect that the court Aconsider@ the availability of appropriate lesser
sanctions, and cautions that in all but the most exceptional cases, the trial
court must actually test the lesser sanctions before striking the
pleadings.  Again, we reemphasize that
striking pleadings is a harsh sanction that must be used as a last resort after
the trial court has considered lesser sanctions, and that in all but the most
egregious and exceptional cases, the trial court must test lesser sanctions
before resorting to death penalty sanctions.[2]

 

The supreme court further held that ARule
215.3, which authorizes a trial court to impose sanctions, does require >notice
and hearing= before sanctions are
imposed.  However, nothing in the rule
indicates that this must be an >oral
hearing.=@[3]








Kimberly contends that the April 11, 2007 order
signed by the associate judge did not have the specificity to justify death
penalty sanctions because it did not specifically state which documents were
omitted from her prior responses, did not define the meaning of Aall
documents then requested,@ did not specify whether the
inventory and appraisement was included in the sanctions order, and did not
specifically state that April 21, 2008 was designated as a hearing or court
appearance.  She also complains that she
was not specifically notified to appear on April 21, 2008, although she states
that she received the order dated April 11 on April 18, three days before the
order containing the death penalty sanctions was signed.

Kimberly does not contend that she had any
trouble understanding the July 20, 2006 temporary orders requiring the filing
of her inventory and appraisement by September 20, 2006, Alan=s
discovery requests served on March 9, 2007, or Alan=s motion
to compel and for sanctions.

Based on our review of the record, we cannot say
that the trial court abused its discretion by imposing the harsh sanctions of
striking Kimberly=s pleadings and barring her from
putting on evidence when the record shows that she failed to obey the trial
court=s order
to file an inventory and appraisement, failed to communicate with her trial
counsel, failed to object to Alan=s
discovery requests, failed to respond to his motion to compel and for sanctions
or to attend the April 11 hearing, failed to seek out the results of said
hearing, and failed to complete the discovery or appear in court on April 21,
2008 at 9:00 a.m. after having seen the April 11 order compelling her to complete
discovery, ordering her to pay $1500 in attorney=s fees
to Alan related to the motion to compel and for sanctions, and warning that her
pleadings could be struck on April 21, 2008 at 9:00 a.m. if she did not complete
the discovery.  We further note that
Kimberly did not pay the $1500 as ordered. 
We overrule Kimberly=s first
point.








In her second point, Kimberly contends that the
trial court abused its discretion by awarding Alan a disproportionate share of
the community=s assets, focusing on the
characterization and award of the residence in Arlington, Texas.

AProperty possessed by either
spouse during or on dissolution of marriage is presumed to be community
property.@[4]  This presumption can be rebutted by clear and
convincing evidence.[5]  Clear and convincing evidence is defined as
that Ameasure
or degree of proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.@[6]








A trial court is charged with dividing the
community estate in a Ajust and right@ manner,
considering the rights of both parties.[7]  If there is any reasonable basis for doing
so, we must presume that the trial court exercised its discretion properly.[8]  We will not disturb the trial court=s
division unless the record demonstrates Athat the
division was clearly the result of an abuse of discretion.@[9]  That is, we will not reverse the case unless
the record clearly shows that the trial court acted arbitrarily or unreasonably.[10]  The complaining party has the burden of
proving from the record that the division was so unjust that the trial court
abused its discretion.[11]

At trial, Alan testified that he purchased the
Arlington property before he and Kimberly married and that he refinanced the
house during the marriage to pay off debt that he and Kimberly had
incurred.  The trial court admitted a
certified copy of the deed naming Alan, Aa single
person,@ the
grantee.  On cross-examination, Alan
admitted that the property was titled in Kimberly Young=s name
pursuant to the Tarrant County Deed records and tax records but stated that he
had Ano clue
how the title got in her name,@ that he
did not execute a deed to her, that he Anever
transferred it over to anybody,@ and
that he received tax statements on the property.  Given all the evidence, we cannot say that
the trial court improperly characterized the Arlington residence as separate
property, nor can we conclude that the trial court=s
division of the community estate was unjust. 
We overrule Kimberly=s second
point.








Having overruled both of Kimberly=s
points, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  DAUPHINOT, LIVINGSTON,
and GARDNER, JJ.

DELIVERED: May 28, 2009











[1]See Tex. R. App. P. 47.4.





[2]Cire v. Cummings, 134 S.W.3d 835, 838B39, 842 (Tex. 2004)
(citations omitted).





[3]Id. at 843B44 (citations omitted).





[4]Tex. Fam. Code Ann. ' 3.003(a) (Vernon 2006).





[5]Id. ' 3.003(b).





[6]Id. ' 101.007 (Vernon 2008); Transp.
Ins. Co. v. Moriel, 879 S.W.2d 10, 31 (Tex. 1994).





[7]Tex. Fam. Code Ann. ' 7.001 (Vernon
2006); Todd v. Todd, 173 S.W.3d 126, 128B29 (Tex. App.CFort Worth 2005, pet.
denied).





[8]Todd, 173 S.W.3d at 129.





[9]Id.





[10]Id.





[11]Id.