FRED BUERGER v. H. C. WELLS.

No. 2622.   Decided May 19, 1920.

(222 S. W., 151.)

Garnishment—Affidavit.

Where there are several defendants the affidavit to procure garnishment against one must negative the ownership of property sufficient to satisfy plaintiff's debt by any of the defendants. Willis v. Lyman, 22 Texas, 268, followed.   (P. 567).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Collingsworth County.

Wells sued Buerger and Mrs. Mooney and had judgment, but appealed contesting an order quashing his writ of garnishment. This judgment was reversed and the cause remanded (157 S. W., 289) and Buerger obtained writ of error on the ground of conflicting decisions.

*J. T. Lackey,* for plaintiff in error.—The affidavit in garnishment wholly failed to allege that Martha Mooney, one of the defendants in the court below, "had not sufficient property within the State, subject to execution, sufficient to satisfy the plaintiff's demand." Rev. Stats., art. 217; Willis v. Lyman, 22 Texas, 268; U. S. Fidelity & Guaranty Co. v. Warnell, 103 S. W., 690; City National Bank v. Smith, 140 S. W., 1145.

*R. H. Templeton, W. F. Ramsey,* and *Chas. L. Black,* for defendant in error.—Where in the original suit the liability of one man is sought to be fixed as the one primarily liable, and only the property of the defendant primarily liable was sought to be reached by garnishment proceedings, the law does not require that the plaintiff in his affidavit shall swear that another person, with no joint liability but who is joined on precautionary grounds, has no property, when the plaintiff was not trying to reach the property of the party secondarily liable. Birge v. Beaumont Carriage Co., 105 S. W., 232.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was one by H. C. Wells against Fred Buerger as maker, and Mrs. Martha Mooney as endorser, of certain notes. A garnishment was sued out against an insurance company to reach a fund in its hands due Buerger. The affidavit for the garnishment only stated that Buerger did not have property in his possession within the State, subject to execution, sufficient to satisfy the plaintiff's debt, omitting to negative such ownership of property by the other defendant. The honorable Court of Civil Appeals for the Seventh District held that the motion to quash the affidavit was improperly sustained by the trial court. We granted the writ of error because of the probable conflict between this holding and that of the Court of Civil Appeals for the Sixth District in Smith v. City National Bank, 140 S. W., 1145.

The plain effect of the statute is that a plaintiff in a suit for debt against more than one defendant, cannot call strangers into court on a writ of garnishment, subjecting them to the inconvenience of the proceeding and possible hazard, if either of the defendants has property within the State subject to execution from which he may make his debt. Garnishment is but a species of attachment. It is a summary proceeding. The statutes governing it should be followed with strictness. The statute requires that the affidavit state that "the defendant" has not, within the affiant's knowledge, property, etc. Where there are two defendants or more, in the suit, this clearly means the affidavit shall state that "the defendants" have not such property. Garnishment is not intended as a remedy for one able to make his debt of the property of one of his debtors in the suit, whether such debtor be primarily liable or not. The question is ruled by Willis v. Lyman, 22 Texas, 268.

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court affirmed.

*Reversed and judgment of District Court affirmed.*