**VOELKEL–McLAIN CO. et al. v. FIRST NAT. BANK OF ROSWELL, N. M. (No. 7125.)**

Court of Civil Appeals of Texas. June 8, 1927.

Rehearing Denied June 29, 1927.

**1. Garnishment ⬉203—Statutory proceeding to claim property garnished as that of defendant held authorized. "Other like writs" (Rev. St. 1925, art. 7402).**

While garnishment is a distinct proceeding from those enumerated in Rev. St. 1925, art. 7402, providing that claimant to property levied on by execution, sequestration, or attachment or "other like writ" may establish title thereto, garnishment falls within terms of the statute as being other like writs to those of execution, sequestration, or attachment.

**2. Garnishment ⬉203—That constable serving writ made no levy held not to affect claimant's right to establish ownership through trial of right of property (Rev. St. 1925, arts. 7402-7425).**

Where funds were impounded in a bank by garnishment proceeding and claimant to fund filed with constable who served garnishment writ, oath, and bond required by Rev. St. 1925, arts. 7402-7425, fact that constable who served writ made no levy on the fund *held* not to affect right of claimant to resort to such procedure.

**3. Execution ⬉129—Ordinarily, "levy" on personal property means seizure thereof by the officer.**

Ordinarily, a levy on personal property means seizure thereof by the officer either actual or constructive.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Levy (of Writs).]

**4. Garnishment ⬉203—Delivery of property garnished to claimant held not essential to right of claimant to trial of right of property under statute (Rev. St. 1925, arts. 3794-3796, 7402-7425).**

Where claimant to property impounded by garnishment files with constable statutory oath and bond required by Rev. St. 1925, arts. 7402-7425, ability of the constable to deliver the property claimed into possession of claimant *held*, in view of articles 3794-3796, not essential to right of claimant to resort to such procedure, where claimant had no right under the statute to interfere in the garnishment proceeding.

**5. Garnishment ⬉203—Statute authorizing trial of right of property is remedial, and should be liberally construed (Rev. St. 1925, arts. 7402-7425).**

Rev. St. 1925, arts. 7402-7425, authorizing trial of right of property, is equitable and re-

---

medial, and, where one's property, possession of which he is entitled to, has been taken into custody in a proceeding in which the owner is not a party, the act, unless clearly inapplicable, should be liberally construed and applied so as to enable claimant to establish his right.

**6. Appeal and error ⟨⫸⟩ 1071(1)—Failure to file findings of fact and conclusions of law held not to have prejudiced appellants, where evidence was by deposition, and not conflicting.**

Where trial judge's certificate states that statement of facts was prepared from depositions which constituted the only evidence offered at trial, and there was no conflict in evidence offered, failure of trial judge to properly file findings of fact and conclusions of law on written motions seasonably made therefor *held* not to have prejudiced appellants.

**7. Appeal and error ⟨⫸⟩ 1071(1)—Failure to timely prepare and file findings of fact and conclusions of law held reversible error, unless no injury results.**

Failure of trial court to prepare and file his findings of fact and conclusions of law within prescribed time on proper request requires reversal of case, unless it affirmatively appears from record that no injury resulted to appellant.

Appeal from District Court, Dallas County; E. E. Hurt, Special Judge.

Trial of right of property between the First National Bank of Roswell, N. M., and the Voelkel-McLain Company and others. From a judgment for the former, the latter appeal. Affirmed.

W. R. Herring and Allen & Allen, all of Dallas, for appellants.

Winfrey & Lane, Will R. Allen, and Martin B. Winfrey, all of Dallas, for appellee.

BAUGH, J. The first and principal question raised on this appeal is whether or not a claimant of funds impounded in a bank by a garnishment proceeding against another party can assert and establish his ownership of the fund so impounded through a trial of the right of property under title 125, arts. 7402 to 7425, R. S. 1925.

On July 13, 1925, the American Exchange National Bank of Dallas had on deposit in the name of R. E. Levers & Co. the sum of $864.49. Voelkel-McLain Company had obtained a judgment in the justice court of precinct No. 1 of Dallas county against said R. E. Levers & Co. for $175.03, caused a writ of garnishment to be issued out of said court and served upon the American Exchange National Bank on July 13, 1925. On July 15, 1925, a second writ of garnishment was served upon said bank issued out of the county court of Sabine county, Tex., on a judgment in favor of the Hemphill Grain & Grocery Company, against R. E. Levers & Co. The amount of the judgment in that case is not disclosed. On July 22, 1925, the First Na-

tional Bank of Roswell, N. M., filed with the constable of said precinct No. 1 of Dallas county, who had served the writ of garnishment first mentioned, the statutory oath and bond required under title 125, supra, same was made returnable to the Sixty-Eighth district court of Dallas county, Tex., where trial was had, and judgment was rendered awarding the fund to the First National Bank of Roswell. Hence this appeal.

[1] The parties will be referred to as appellants and appellee. Article 7402, R. S. 1925, provides:

"Whenever a writ of execution, sequestration, attachment or other like writ is levied upon personal property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make affidavit that such claim is made in good faith, and present such affidavit to the officer who made such levy."

It is manifest that the Legislature did not intend to confine such a proceeding exclusively to cases of execution, attachment, and sequestration. The language "or other like writ" clearly contemplates that it may be available in other instances. Though garnishment is a distinct proceeding from those enumerated in the statute, its purpose, like those named, is the same; that is, to aid the plaintiff in the enforced collection of his debt. It is filed as a separate suit, and in many respects so treated in the garnishment statute, but is in fact only ancillary to, and a part of, the main suit. Texas Co. v. Disney (Tex. Civ. App.) 279 S. W. 280. In passing upon the sufficiency of the affidavit in garnishment, our Supreme Court has defined it as a summary proceeding and as "a species of attachment." Buerger v. Wells, 110 Tex. 566, 222 S. W. 151; Barker v. Bank (Tex. Civ. App.) 248 S. W. 478. See, also, 28 C. J. 18. The El Paso Court of Civil Appeals has deemed it "a process in the nature of an execution to enforce the judgment." New Amsterdam Casualty Co. v. Keith, 260 S. W. 695. And in Buchanan v. Spencer Lumber Co. (Tex. Civ. App.) 134 S. W. 292, it was held that it is in the nature of a proceeding in rem, in which the garnishee is the receiver of the court to hold the res until it is determined who is entitled to it. See 28 C. J. 21. We think, therefore, that a garnishment writ in its nature and purpose falls within the terms of the statute as being "other like writs" to those of execution, sequestration, or attachment, authorizing a claimant of property to establish his title thereto under said statute.

[2] But appellants insist that the constable who served the writ made no levy on the fund, did not in any sense take possession thereof, could not deliver same over to the claimant upon his execution of a bond, and

---

could not, therefore, comply with the provisions of articles 7403, 7404, and 7405, R. S. 1925.

[3, 4] Ordinarily, a levy upon personal property means seizure thereof by the officer, either actual or constructive. But, of necessity, actual physical possession by the officer of personal property subjected to the jurisdiction of the court, or which becomes in custodia legis, is in some cases impracticable, if not impossible. The Legislature has taken express cognizance of this fact in cases where a levy is made upon stock running at large, shares of stock in a corporation, or interest of a partner. See articles 3794–3796, R. S. 1925. Article 3793, R. S. 1925, provides, amongst other things, "where the defendant in execution has an interest in personal property, but is not entitled to the possession thereof, a levy is made thereon by giving notice thereof to the person who is entitled to the possession, or one of them when there are several." But in all such cases a claimant can resort to a trial of the right of property to establish his title, though the officer making the levy cannot deliver to him physical possession of such property upon his filing a proper bond. Ability of the officer to deliver the property claimed into the possession of the claimant is not, therefore, always essential to the right of the claimant to resort to this statutory method of procedure. Whether or not the constable in the instant case could deliver to claimant the funds involved was not, we think, fatal to appellee's right to proceed under said statute. Said officer did require and obtain a sufficient bond. This bond was payable to the plaintiffs in garnishment (appellants here), was duly filed, and fully protected them against loss. Nor do we think the inability of said officer to deliver the res to the claimant is a matter of which appellees can complain, if all of their rights were properly protected. Only the Roswell Bank, or the garnishee bank, could properly complain that the fund was not delivered to claimant, and neither of them has done so. And, even if the service of the writ of garnishment did not place the fund in the hands of the officer, it impounded such fund in the hands of the garnishee, brought it in custodia legis, and as effectively deprived the claimant of his right of possession as if it had been actually seized by the officer. The claimant bank did not have a right given by statute to intervene in the garnishment proceeding. It might have done so, but such intervention was a matter within the discretion of the trial court. The garnishee could have impleaded said bank, but was not required by law to do so. Not being a party to said garnishment suit, the statute provides no way by which claimant could have replevied said fund, and it could not have obtained immediate possession thereof in any other way authorized by law, unless by the method resorted to herein.

[5] The statute authorizing trial of the right of property is equitable and remedial in its nature, and, where one's property, possession of which he is entitled to, has been taken in custodia legis in a proceeding to which the owner is not a party, unless clearly inapplicable, we think it should be liberally construed and applied so as to enable the owner of the property seized or impounded to establish his right thereto. Appellee bank was, we think, entitled to recover its property through the proceeding resorted to in the instant case.

[6] Appellants next complain of the trial court's failure to properly file his findings of fact and conclusions of law; written motion having been seasonably made therefor. We do not sustain this contention.

Appellee has brought up and filed a statement of facts, the parties having failed to agree upon one, prepared, signed, and certified to by the trial judge. In his certificate the trial judge states that such statement of facts was prepared from depositions on file, and that these depositions constituted the only evidence offered upon the trial of said cause. Appellants have made no objections to our consideration of this statement of facts, and we have carefully read same.

[7] It is well settled that, where the trial court fails to prepare and file his findings of fact and conclusions of law within the prescribed time, upon proper request made, his failure requires a reversal of the case, unless it affirmatively appears from the record that by such failure no injury resulted to appellant. G. H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 527. This court also discussed the same question in Childress v. Wolf, 273 S. W. 275. In the instant case there was no conflict in the evidence offered. It appears to be uncontroverted that the fund involved belonged to the claimant bank. That being true, no injury could have resulted to appellants in the instant case.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.