## LUCEY PRODUCTS CORP. v. MACKEY et al.

### No. 6536.

Court of Civil Appeals of Texas. Texarkana.

Jan. 11, 1951.

Rehearing Denied Feb. 8, 1951.

Fulton & Hancock, and Edwin M. Fulton, all of Gilmer, for appellant.

Florence & Florence, Gilmer, Gist, Wilson & Prothro, Tyler, for appellees.

HALL, Chief Justice.

On February 20, 1949, appellant recovered a joint and several judgment against L. T. Mackey and V. O. E. Wright in the sum of $30,092.69. On February 26, 1949, appellant filed its affidavit for writs of garnishment directed to the appellee banks, and on the same date the District Clerk of Gregg County issued the writs of garnishment and delivered them to the sheriff who served them on the banks. The First State Bank of Gilmer answered showing its indebtedness to appellee Mackey. The other two banks answered with respect to Mackey's accounts with them and also moved the court to quash the affidavit for garnishment for the reason: "That the affidavit made herein by Edwin M. Fulton, an attorney for plaintiff, on the 25th day of February, 1949, does not state, show or allege that defendant V. O. E. Wright, in cause No. 12,367–B above

254

referred to, did not have, own and possess, within the knowledge of plaintiff, Lucey Products Corporation, or of affiant, Edwin M. Fulton, property within this State subject to execution, sufficient to satisfy said judgment; but said affidavit made by the said Edwin M. Fulton, only states 'that the defendant, L. T. Mackey, has not, within the knowledge of plaintiff or of the affiant, property, within this State, subject to execution, sufficient to satisfy said judgment,' " and prayed that both the affidavit and the garnishment based thereon be quashed. A similar motion was filed by appellee Mackey, with the same prayer and with the additional prayer that the garnishment proceeding be dismissed.

Upon a hearing before the trial court the motions to quash the affidavits and the writs of garnishment were sustained and the cause dismissed.

By its first point appellant asserts that the court erred in quashing the application for writs of garnishment, the writs of garnishment and dismissing the suit, for the reason that it had a right to proceed as it did in its garnishment "against the debtors of appellee L. T. Mackey on the view that joint liability of L. T. Mackey and V. O. E. Wright to it had ceased at the death of Wright, who was insolvent and left no property of any description, and that, under the circumstances, Mackey alone was liable to it on the judgment." This point presents the controlling issue here. It is undisputed that the affidavit for writs of garnishment named only L. T. Mackey as debtor in the judgment. The judgment is a joint and several judgment against both Mackey and Wright. It was stipulated in the hearing on the motions to quash that V. O. E. Wright, one of the judgment debtors and whose name was omitted from the affidavit for garnishment "died in Bunkie, Louisiana, in the year 1947, and that at the time of his death V. O. E. Wright was insolvent and owned no property of any kind or character."

The rule is well settled in this state that in the affidavit for garnishment based on a joint and several judgment all debtors named in said judgment must be named in the affidavit for writs of garnishment. Willis v. Lyman, 22 Tex. 268; Smith v. City National Bank, Tex.Civ. App., 140 S.W. 1145; Buerger v. Wells, 110 Tex. 566, 222 S.W. 151. However, we are of the opinion that in this case the reason for the rule is lacking. In the case at bar the stipulation shows unqualifiedly that Wright was dead on the date the application for writs of garnishment was made and that he died insolvent owning no property of any kind or character. Under this stipulation Wright was completely out of the picture. His estate owned nothing out of which a judgment could be satisfied. In our opinion it would be a useless and idle gesture to name him in the application for the writ. We think the opinion in the case of Warner v. Northwestern & Marine Ins. Co., Tex.Civ.App., 281 S.W. 1113, by this court, is authority for the above holding. That case was reversed by the Supreme Court, Oviett v. Warner, Tex. Com.App., 288 S.W. 434, on the ground that this court erred in holding that the release of Rudd was based upon a valid consideration. But the other point, namely, that the discharge of Rudd as a debtor of Warner obviated the necessity of including his name in the application for the writ was not passed upon by the Supreme Court. That court specifically refused to pass on that question. In no way was Mackey or the garnishees injured by the failure to include the name of Wright in the affidavit for the writ for the reason already stated, that Wright was dead and owned no property at the time of his death. It is our opinion that the trial court erred in quashing the affidavit and the writs of garnishment and dismissing the suit. And for this reason the judgment of the trial court is reversed and the cause remanded to the trial court.

Reversed and remanded.