## L. T. MACKEY ET AL V. LUCEY PRODUCTS CORPORATION.

No. A-3063. Decided May 16, 1951.
(239 S. W., 2d Series, 607.)

*Florence & Florence* and *G. L. Florence,* all of Gilmer, and *Wilson & Prothro,* and *John Prothro,* all of Tyler, for petitioners.

It was error for the Court of Civil Appeals to hold that the trial court erred in sustaining the motions of garnishees, banks, and the defendant, Mackey, to quash the affidavit of garnishment, and in dismissing the case. Buerger v. Wells, 110 Texas 566, 222 S.W. 2d 151; Smith v. City Natl. Bank of Wichita Falls, 140 S.W. 1145, error refused; Willis v. Lyman, Sears & Co., 22 Texas 268.

*Fulton & Hancock* and *Edwin M. Fulton,* all of Gilmer, for respondent.

Property of decedent's estate is not subject to garnishment.

Weekes v. Galveston Gas Co., 54 S.W. 620; Alexander v. Berkman, 3 S.W. 2d 864; 28 C.J. 127, sec. 12.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

February 20, 1938, the respondent recovered a judgment for $30,092.90 jointly and severally against L. T. Mackey, one of the petitioners herein and one V. O. E. Wright. The judgment being unsatisfied, the respondent on February 26, 1949, caused writs of garnishment to issue thereon against certain banks as garnishees. The affidavit for garnishment, made by an attorney for the respondent, says nothing whatever regarding the defendant Wright, except to give his name in describing the judgment held by respondent, and states among other things "* * * that the defendant L. T. Mackey, has not, within the knowledge of plaintiff or of the affiant, property within the state subject to execution, sufficient to satisfy said judgment." Some of the garnishees and petitioner Mackey filed a motion to quash the affidavit on the grounds that the affidavit failed to show or allege that Wright, an original defendant in the judgment, did not have, own and possess properly within this state subject to execution sufficient to satisfy the judgment. On a hearing the trial judge sustained the motion to quash the affidavit and dismiss the cause. At this hearing it was stipulated by the parties that the judgment defendant Wright "died in Bunkie, Louisiana in the year 1947, and that at the time of his death Wright was insolvent and owned no property of any kind or character." This stipulation of fact was made by the petitioners subject to their objection to the introduction of this character of testimony as wholly irrelevant and immaterial and shedding no light on any issue to be determined by the court hearing the motion to quash.

On appeal the Court of Civil Appeals at Texarkana reversed and remanded the cause as shown by their opinion found in 236 S.W. 2d 253.

Petitioner contends that this cause is ruled by the cases of Willis v. Lyman, Sears & Co., 22 Texas 268; Buerger v. Wells, 110 Texas 566, 222 S.W. 151, and Smith v. City National Bank 140 S.W. 1145 (writ denied). These cases hold that where there are two or more defendants in the judgment, the plaintiff in the judgment cannot call strangers to the judgment into court to answer as garnishees of one of the defendants, without making affidavit that none of the defendants has property, of which the debt can be made, etc. It is stated any other rule would

bring strangers to the original suit and judgment into court and subject them to much hazard and inconvenience, and might even result in garnishees having to pay twice, because the court would not be informed of all the facts in the particular case.

In Smith v. City National Bank, 140 S.W. 1145, writ refused, 1911, the court states fully the reason for above rule by saying:

"It is not without good reason that the statute has provided that, before strangers to the debt or judgment can be brought into court and subjected to inconveniences and hazards of payment, it shall appear in the affidavit for garnishment that none of the defendants jointly and severally liable for the debt sued for shall have any property within the state subject to the execution sufficient to satisfy the debt. If any one of the defendants liable jointly or severally for the debt had sufficient property that could be reached by execution, the plaintiff could collect his debt, and calling strangers into the suit would be unnecessary to the collection of the original debt. But, if none of the defendants have property, it then becomes necessary to allow the plaintiff the remedy of garnishment, though it be to the great inconvenience of strangers to the original suit. It is when the debt cannot be fully collected by execution against the property of those liable, either jointly or severally, and proceeding against garnishees is thereby made necessary to the collection of the plaintiff's debts, that the statute intends the writ to issue. So the reason underlying the requirement that none of the defendants have sufficient property that could be reached by execution before resort can be had to garnishment is persuasive of the soundness of the construction that is here given the words of the article in hand." 1.c. 2nd col. p. 1146, about 2/3 down.

We recognize the existence and the soundness of the above rule of law in the cases cited.

In the case at hand it is an established fact that Wright was dead and that he died insolvent, a resident of another state, and owning no property. Under such circumstances the issuance of an execution against his estate would have been absolutely void, and would have accomplished nothing toward reducing the original judgment.

It is well settled by the decisions of this state that where a judgment debtor dies, no execution may be issued against his estate, but that the judgment must be collected through the

probate court. Further, the issuance of such execution and a sale of property thereunder is absolutely void, and of no force and effect. First National Bank of Bowie v. Cone, et al (TCA) 170 S.W. 2d 782 (writ refused, 1943), and authorities therein cited. Note 4, Art. 3778 Vernons Civil Statutes of Texas Ann. and authorities thereunder cited.

Therefore in this case the reason of the rule has failed and the rule should not apply to the present state of facts. The law does not require the doing of a vain and useless thing, and by our opinions and judgments we will not so require.

The judgment of the Court of Civil Appeals reversing this cause and remanding it to the trial court for retrial is in all things affirmed.

Opinion delivered May 16, 1951.

No motion for rehearing filed.