Paul H. KISRO, Relator,

v.

Judge Wyatt H. HEARD, Respondent.

No. 16861.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1977.

Felton, Hooker & Giddens, Albert Lee Giddens, Houston, for relator.

Thomas F. Lay, Pasadena, D. R. Bernard, Houston, for respondent.

EVANS, Justice.

Relator moves for leave to file a petition for writ of mandamus, directing the Honorable Wyatt H. Heard, Judge of the 190th Judicial District Court of Harris County, Texas, to enter a garnishment judgment in favor of Relator. The motion will be refused.

Relator recovered a summary judgment on August 26, 1976, against defendants E. Raymond Jensen and wife Myra Jensen for the total sum of $24,311.00, plus costs. E. Raymond Jensen perfected an appeal from the judgment, but his wife Myra Jensen did not appeal. The judgment was not superseded. Relator then filed application for writ of garnishment against First Pasadena Bank and Southmore Savings and Loan Association, as garnishees, and the latter institution admitted that it was indebted to defendants Myra Jensen or E. Raymond Jensen in an amount in excess of the judgment. E. Raymond Jensen filed a petition in intervention in the garnishment proceedings, asserting a joint interest in the funds sought to be garnished and requesting that the funds be held in the registry of the court pending the determination of his appeal. The trial court directed that the garnishee pay the sum of $25,200.76 into the court's registry pending the outcome of the intervenor's appeal and ordered that the balance be released from garnishment.

A review of the garnishment proceedings indicates that the trial court acted within its discretion in refusing to enter a judgment for relator on the application for writ of garnishment.

The judgment which constituted the basis for the garnishment proceedings was entered in favor of the relator against both defendants, E. Raymond Jensen and Myra Jensen. The relator's sworn application for garnishment recites only that the judgment is final against the defendant Myra Jensen and that such defendant has not, within the affiant's knowledge, property in her possession, within the State, subject to execution, which is sufficient to satisfy the judgment. Where a judgment is entered against more than one defendant, the application for garnishment must state that the garnishment has not been brought to injure either of the defendants and that neither of the defendants has property within the affiant's knowledge, subject to execution, within the State, which was sufficient to satisfy the garnisher's claim. Lowe, Texas Practice, Remedies, 2d Ed., Vol. 6, Section 822, page 542; Section 851, page 563.

"The plain effect of the statute is that a plaintiff in a suit for debt against more than one defendant, cannot call strangers into court on a writ of garnishment, subjecting them to the inconvenience of the proceeding and possible hazard, if either of the defendants has property within the State subject to execution from which he may make his debt. Garnishment is but a species of attachment. It is a summary proceeding. The statutes governing it should be followed with strictness. The statute requires that the affidavit state that 'the defendant' has not, within the affiant's knowledge, property, etc. Where there are two defendants, or more, in the suit, this clearly means the affidavit shall state that 'the defendants' have not such property. Garnishment is not intended as a remedy for one able to make his debt of the property of one of his debtors in the suit, whether such debt-

or be primarily liable or not." *Buerger v. Wells*, 110 Tex. 566, 222 S.W. 151 (1920).

The garnishment application in the case at bar is patently defective. The applicant did not state under oath that the action was not brought to injure either of the defendants and that neither of them had property, within the affiant's knowledge, subject to execution which would satisfy the judgment. Relator has failed to establish the existence of a clear duty on the part of respondent to enter the garnishment judgment.

Relator's motion for leave to file petition for writ of mandamus is refused.