

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-16-00166-CV

## IN RE MAE ETHEL HARPER WYATT

_____

## Original Proceeding

## DISSENTING OPINION

I agree with the decision to deny the petition as it relates to the issue of whether the trial court failed to correctly apply the law in the transfer of the contested proceeding to the district court or the assignment of a probate court judge to hear the contested issue. There is an unresolved factual issue as to whether the trial court's order of transfer to the district court had already been signed by the time the motion to have a probate court judge assigned to hear the contested issue had been filed. This factual issue could and should be resolved in a hearing of the motion for reconsideration which Wyatt is trying to get filed and heard; and the inability to do so is the subject of her second issue as discussed below.

I must, however, dissent to the decision to deny the petition because, as it relates to the issue of whether the trial court failed to order the clerk to accept the filing of the motion for rehearing, I believe we should request a response. While we have commented in prior opinions of this Court on an accepted procedure for bringing such an issue to the attention of the trial court, we have never said it is the only method. This Court has specifically stated that: "When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading." *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding) (*quoting In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring)).

The use of the word "should" indicates that it is advisable or preferable. If we had intended for this holding to identify the only way to proceed before filing a mandamus the Court would have used the word "must." We do not require litigants to perform a useless act. *See Mackey v. Lucey Products Corp.*, 239 S.W.2d 607, 608 (1951) ("The law does not require the doing of a vain and useless thing…."). It is clear that such a procedure, if forced upon Wyatt, will be a useless act. In this proceeding, Wyatt included the following in an affidavit in support of the petition for writ of mandamus:

"At that time, [after numerous efforts to file the motions with the clerk which are detailed in the affidavit], I spoke directly with the Trial Court. He stated that we were filing the Motions in the wrong court and when I attempted to explain that we were filing a Motion to Vacate an Order he had entered as well as a Motion to Reconsider a Motion that was previously filed in his court, he replied that he had already moved the case to the District Court and that he was not going to hear anything further on the matter."

I think Wyatt pushed the issue as far as necessary to confirm the trial court was not going to let the motions be filed, with the County Clerk or with him. Part of the problem is that the trial judge's refusal to accept or allow the filing of the motions is based on his order which clearly exceeds the scope of what is to be transferred under the probate code, even if there was not the timing problem on the transfer to district court. *See* TEX. EST. CODE ANN. § 32.003(a) (scope); (b) (timing) (West 2014). The transfer order purports to transfer the entire probate proceeding. While this once was the method, that statute has been amended and now it is only the contested portion of the proceeding that is transferred. *Cf.* former TEX. PROB. CODE ANN. sec. 5(b) (Vernon 1980)[1] (repealed by Acts

---

[1] (b) In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding *transfer such proceeding* to the district court, which may then hear such proceeding as if originally filed in such court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court, and it shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law. Upon resolution of all pending contested matters, the probate proceedings shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court. (Emphasis added).

2011, 82nd Leg., ch. 1338 (S.B. 1198), § 1.42(b), effective September 1, 2011; current version at TEX. EST. CODE ANN. § 32.003(a) (West 2014)).[2]

The proper method to address the issue as raised by Wyatt is to grant the petition for writ of mandamus as to the second issue which would allow Wyatt the opportunity to have an evidentiary hearing, which she did not have on the court's previous consideration of the motion, to resolve the factual issue in the court that issued the order. Having refused Wyatt the ability to cure the problem thus created in the forum where it should be corrected, the County Court, Wyatt must now attempt to resolve the factual as well as the over breadth of the issues transferred, in a forum she contends has no jurisdiction over the proceeding. Obviously, I would request a response to the petition for writ of mandamus with a view to granting the petition on the second issue. Because the Court does not request a response, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion issued and filed June 15, 2016

---

[2] (a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, according to the motion: (1) request the assignment of a statutory probate court judge *to hear the contested matter*, as provided by Section 25.0022, Government Code; or (2) *transfer the contested matter* to the district court, which may then hear the contested matter as if originally filed in the district court. (Emphasis added).